(No. 22094.— 

THE CHICAGO TITLE AND TRUST COMPANY, Trustee, Defendant in Error, *vs.* JOSEPH B. MCDONOUGH, County Collector, *et al.* Plaintiffs in Error.

*Opinion filed February 23, 1934—Rehearing denied April 6, 1934.*

THOMAS J. COURTNEY, State's Attorney, (HAYDEN N. BELL, ROBERT S. CUSHMAN, and JACOB SHAMBERG, of counsel,) for plaintiffs in error.

GEORGE GILLETTE, and ELMER M. LEESMAN, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This is a writ of error to review a decree of the circuit court of Cook county restraining the county collector and county clerk from at any time collecting or extending taxes for the year 1928 on certain improvements on the property involved in this proceeding.

The bill alleges that on or about June, 1929, the board of assessors assessed the real estate involved herein, be-

longing to defendant in error, for the 1928 general taxes; that the assessed value placed on the land was $65,978 and no assessment was made of improvements; that the board of assessors considered the matter of assessing a certain building on the premises, but decided it should not be taxed for the year 1928 because it was not erected on April 1, 1928; that the assessment was thus returned to the board of review; that the board, without any notice to the owner, added the sum of $321,417 as the assessed value of improvements, same being a twelve-story apartment building containing something over two hundred apartments; that the action of that board was void and of no effect, and that the tax extended thereon in the sum of $20,687 was likewise void and not in proportion to other assessments of property for taxation purposes. The collector answered that the assessed valuation by the assessors and review by the board of review were made in the honest exercise of the judgment of those bodies and that the tax is valid. The county clerk was also made a party and answered.

The proof offered before the master shows that the building was assessed by the board of assessors in 1928, but that a complaint was made by one Bromberg, as agent for the owner then, as shown by photostatic copy of complaint in the abstract. This complaint sets out that the board of assessors assessed the improvements in the sum of $321,417. A hearing was had on that complaint on November 13, 1929. The books of the board of review were closed on January 11, 1930, and the statutory affidavit was attached thereto. Evidence was offered by the defendant in error tending to show that at some time the assessment of improvements was taken off the books and that an attempt was made to again put it on the assessment books without notice to the property owner. It is conceded, of course, that it is incumbent on the complainant to make this proof.

A witness was called who identified the assessment book for 1928. A photostatic copy of the pages affecting the property involved here was introduced in evidence. It shows the assessment of both land and improvements, but also that the assessed valuation of improvements had apparently been scratched out and again written in. The witness identifying this book testified, from his knowledge of the practice of the board of review, that the assessment on the improvement was scratched out by the board of review. He did not know the date on which this was done. A witness, Thomas A. Brockmeyer, deputy clerk of the board of review, was called to explain certain notations on the complaint filed by Bromberg. This complaint, as we have said, showed an assessment of the improvements on this property by the board of assessors, and in the column "B. R. [board of review] assessment of land" were the figures returned by the board of assessors for the land, and in the column "B. R. [board of review] assessment for improvements" were three ciphers. The column for totals of the board of review assessment showed the assessment of the land, only. These figures, however, were scratched out, as were all of the notations concerning which this witness testified, including the initials "Cf," which the witness explained as meaning "confirmed." It is impossible to tell from this instrument when the action of the board of review was taken. No witness testified to the time or times of such acts. That it did strike off the assessment on the improvements is clear. When it was done is by no means certain. On the back of the complaint is a notation, among others, showing the notice to the complainant to appear on November 13, 1929, and under the heading "Date of action" is the date April 17, 1930. Whether all action was taken at that time, as plaintiffs in error contend, or whether the figures indicating that the assessment on the improvements had been stricken out of those indicating confirmation of the assessment of the board of

assessors were put on at that time, there is nothing in the record to inform us. The witness Brockmeyer testified in explanation of the letters and initials on the complaint that the board of review had taken the assessment off the improvements; that the members who took it off were W. H. Weber and E. R. Litsinger, and that the same members who took the assessment off the return made by the board of assessors appear to be the ones who scratched out the initials "Na," meaning "No assessment," which are shown to have been applied to the assessment for improvements. The chancellor was of the opinion that the building commissioner's records indicated that the building had been completed before April 1, 1928, and so found. The only other evidence in the record on that question is the testimony of one Klein, a witness for defendant in error, who testified that he was the agent of the owner when the building was completed, and that it was not completed until in July or August, 1929, though the owner received some rents during the month of March. It is not contended that the board of review sent notices of its action restoring the assessment on improvements to the assessment books, and it is conceded that if that board took this improvement off the assessment books and later restored it, such restoration would be illegal for want of notice to the property owner.

Counsel for plaintiffs in error urge that the presumption that officers do their duty must prevail; that as they had no authority to do anything with reference to this assessment after the 11th of January, when they returned the books, the presumption, in the absence of showing of evidence to the contrary, is that whatever was done occurred prior to that time, and that it might well be that all notations were put on and scratched out during the same day. Though the record of the board is confused, it is clear, however, that a complaint was filed before the board of review. Certain notations showing that the im-

provements were stricken from the assessment books are found on the copy of complaint, although the complaint shows that such notations have been stricken out. This is also true of the notation indicating that the assessment had been confirmed. It was a duty of the board to hear the objection that was filed, and a hearing was fixed, and, so far as the record shows, it was held. There is no notation on the complaint showing the confirmation of the assessment of the board of assessors, as that notation was stricken out.

Plaintiffs in error argue that the objector should have produced the person who attended the hearing, and that not having done so, the rule is invoked that one who has testimony within his control and does not produce it must be the one to suffer because of want of proof. In this case it appears, however, that defendant in error did not acquire the property until February 1, 1930, and there is nothing to show that the representative of the Marle Building Corporation, the original owner of the property, who appeared before the board of review, was available to defendant in error. While the records of the board in this matter are in a confused condition, we think it sufficiently appears from the evidence that the assessment on improvements was taken off. There was no notice of any action to return it to the assessment books. It is but natural to conclude that the action of the board in removing this assessment was in response to the complaint and the result of the hearing thereon. It was the duty of the board to pass upon this complaint before closing its books, and there is nothing in the record to indicate that it did not do so, and even though the board, before closing its books, also returned the assessment to the assessment books, it having taken the assessment off had no right to confirm the assessor's return without notice to the property owner. In this condition of the record we are of the opinion that the

chancellor did not err in sustaining the contention of defendant in error in this regard.

Counsel for plaintiffs in error say, however, that the relief granted was not the relief prayed and is not sustained by the allegations of the bill. The allegations of the bill were that the assessor did not assess the improvements for the year 1928 but that such assessment was put on by the board of review without notice. The proof shows that the board of assessors did assess the improvements and that complaint was made of that assessment and the hearing thereon, as we have indicated. Counsel for defendant in error say that their prayer for general relief was broad enough to include the relief granted. While the chronicle of events was not correctly stated in the bill, the *gravamen* of the charge was that the board of review wrongfully assessed the property, and in view of the proof that it had taken off the assessment for improvements from the assessment books and then returned it, we are of the opinion that the bill is sufficient to warrant the decree granting relief sought under the prayer of general relief. Cases cited by counsel for plaintiffs in error limiting a decree under prayer for general relief cover a state of facts not similar to those in the case before us.

The decree of the circuit court is affirmed.

*Decree affirmed.*